**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**SAMMIE MCCASTLE**                                                                                            **PLAINTIFF**

v.                                          CASE NO.: 4:08-CV-00282-BSM

**NATIONAL HOME CENTERS, INC.**                                                                  **DEFENDANT**

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties having stipulated to the entry of this Protective Order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and insure protection is afforded only to such deemed material, and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. The parties have agreed that certain documents and information produced or disclosed during this litigation should be treated as confidential and shall be used only for purposes of this lawsuit. The parties agree that such Confidential Information as described in paragraph 2 should be given the protection of an Order of this Court to prevent injury to the parties or others through disclosures to persons other than those persons involved in the prosecution of this litigation. The parties agree that the public's right of access to such Confidential Information is outweighed by the potentially significant public and private harm to the parties and such information should be protected. Specifically, Plaintiff's medical records and employment lawsuit records; non public financial records; personnel records; internal personnel polices and procedures of National Home Centers, Inc.; and other information which is private in nature and may have the effect, if not deemed to be confidential, of embarrassing, humiliating, or otherwise invading the privacy of a party, could potentially cause significant public and private harm, humiliation, and exposure to the parties and

such information should be protected.

2. <u>Confidential Information.</u>  The parties have agreed that the following documents and information produced or disclosed during this litigation should be treated as confidential and shall be used only for purposes of this lawsuit.  Information subject to confidential treatment including documents, discovery responses (including interrogatory answers, documents produced, and responses to requests for admissions), or depositions taken (or portions thereof) in this litigation relating to the following matters may be designated by the producing or testifying party as Confidential Information:

A. "Medical Records" of Plaintiff, which term shall refer to:  (1) health care provider records and statements, specifically including psychiatric, psychological, and counseling records involving the health, treatment, and well being of Plaintiff; (2) hospital records; (3) billing statements; and (4) any other records or statements involving the health, treatment, and well being of Plaintiff.

B. "Employment Lawsuit Records" of Plaintiff, which term shall refer to: (1) non-public, court documents involving or pertaining to any lawsuit that Plaintiff has brought against any former employer; and (2) settlement documents regarding settlements reached between Plaintiff and Plaintiff's former employer(s) as a result of an employment lawsuit.  Information readily available to the public is excluded from this definition.

C. "Financial Records" of the parties and their employees, which term shall refer to:  (1) tax returns; (2) financial statements; (3) salary or payroll information, records or schedules; (4) records pertaining to bank accounts; and (5) any other records or statements containing financial information of the parties and their employees.  Information readily available to the public is excluded from this definition.

D. "Personnel Records," which term shall refer to files or records relating to personnel or employment matter of current or former employees of the Defendant, including, but not limited to, the following:  (1) personnel files; (2) personal or employment history information; (3) statements of job duties and responsibilities; (4) performance evaluations; (5) disciplinary records; (6) information relating to pay and/or fringe benefits; and (7) any other information pertaining to

individual employees' employment with Defendant.

      E. The internal policies and practices of National Home Centers, Inc.

      F. Any other information which is private in nature and which may have the effect, if not deemed to be confidential, of embarrassing, humiliating, or otherwise invading the privacy of a party. The fact that information has been or may need to be contained in a pleading filed with the Court shall not be deemed a waiver of the parties' ability to identify such information as confidential when such information is contained within discovery responses, documents produced, or within a deposition.

      3. <u>Designating Documents and Discovery Responses Confidential.</u> Any party to this action may designate as Confidential Information a document or discovery response produced after the entry of this Order by (a) stamping or labeling the document or interrogatory answer with the word "Confidential," or (b) advising the opposing party in writing at the time of production that certain documents or interrogatory answers are "Confidential." A party may designate as Confidential Information any documents or interrogatory answers produced prior to the entry of this Order by (a) stamping or labeling duplicate copies of the documents or interrogatory answers previously produced with the word "Confidential" and delivering the stamped copies to opposing counsel, or (b) advising the opposing party in writing within thirty days after the entry of this Order that certain documents or interrogatory answers are "Confidential." Unless otherwise ordered by the Court or stipulated to by the parties, only documents or interrogatory answers relating to the subjects enumerated in paragraph 2 may be designated as Confidential Information.

      4. <u>Disclosure of Confidential Information.</u> Any documents, interrogatory answers, admissions, or other discovery matters designated as Confidential Information are to be treated by the party receiving the discovery as confidential and shall be utilized by such party only for the prosecution or defense of this case. Except as may be agreed to by the parties, or ordered by the Court, disclosure of such discovery material or the information contained therein shall be limited to the court, parties, their counsel, counsel's legal and clerical assistants and witnesses in this case, and testifying and non-testifying experts, as may from time to time be reasonably necessary in the

prosecution or defense of this action. Counsel shall advise all witnesses and testifying and non-testifying experts to whom discovery materials are disclosed pursuant to this paragraph of the existence of this order, and they shall agree to be bound thereby prior to such disclosure.

5. <u>Disputes Concerning Designation(s) of Confidential Information.</u>  In the event any party to this action disagrees with the designation of any information as Confidential Information, the party challenging the propriety of a confidentiality designation must notify the other party of its challenge in writing within thirty days of receipt of the confidential materials. Failure by either party to object to the confidentiality designation within the time prescribed will serve as a waiver of any subsequent objection. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court, who shall be permitted to conduct an *in camera* inspection of the confidential materials. The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.

6. <u>Binding Effect of This Order.</u>  This Order is binding upon the parties hereto, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony pursuant to the terms hereof is made. This Order, insofar as it restricts the communication and use of Confidential Information, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals.

7. <u>Return and/or Destruction of Confidential Information</u>.  Upon final termination of this action, including all appeals, the receiving party of designated confidential documents shall be obligated to return such documents to the sending party or shall destroy all documents within a period of five years.

8. <u>Burden of Proof in Establishing Confidential Nature of Material.</u>  The intent of this Order is to provide a mechanism by which the parties may protect confidential documents and information during the discovery process. Entry of this Order by the Court does not constitute an adjudication that any information provided pursuant to discovery is, in fact, confidential, and to the extent any dispute arises over whether information is, in fact, confidential, the burden of proving the

confidential nature of the information shall be borne by the party making that claim.

      9. <u>Violation of Protective Order.</u>  If any person having access to Confidential Information shall violate this Order, said person shall be subject to proper sanctions as determined by the Court.

      10. <u>Modification of Protective Order.</u>  This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms as the scope of discovery dictates.

      11. <u>No Admission.</u>  Nothing in this Order shall be construed as an admission as to the discoverability, relevance, authenticity, foundation, or admissibility of any document, material, transcript, or, other information.1

**IT IS SO ORDERED.**

_____
U. S. District Court Judge

Dated this 5th day of August, 2008.

---

1 Specifically, the parties preserve and do not waive any objection they may have to the admissibility and/or discoverability of any Confidential Information identified herein, including but not limited to, Plaintiff's Medical Records or Employment Lawsuit Records and records of Defendant's employees who are not parties to this litigation.

SUBMITTED BY:

| | |
|---|---|
| **/s/ Tanya Spavins** | **/s/  Richard A. Olmstead** |
| Tanya Spavins | Richard A. Olmstead |
| Bridges, Young, Matthews & Drake PLC | KUTAK ROCK LLP |
| 1401 Malvern Avenue, Suite 180 | 8301 E. 21st Street North, Suite 370 |
| Hot Springs, Arkansas, 71901-6370 | Wichita, Kansas 67206-2935 |
| Telephone:(501) 609-0022 | Telephone:  (316) 609-7900 |
| Facsimile:  (501) 609-0033 | Facsimile:  (316) 630-8021 |
| Email:  tanyaspavins@bridgesplc.com | Email:  richard.olmstead@kutakrock.com |
| *Attorneys for Plaintiff* | |
| *Sammie McCastle* | KUTAK ROCK LLP |
| | 124 West Capitol Avenue |
| | Little Rock, AR 72201-3706 |
| | Telephone:  (501) 975-3000 |
| | Facsimile:  (501) 975-3001 |
| | |
| | *Attorneys for Defendant* |
| | *National Home Centers, Inc.* |